**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD COLEN,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN DAVID ORTIZ,<br><br>    Respondent. | Civil Action No. 19-15413 (KMW)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

Petitioner is a federal prisoner who is currently incarcerated at FCI Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Respondent filed an Answer opposing relief, (ECF No. 6), and Petitioner filed a Reply, (ECF No. 7). For the reasons expressed below, the Court denies the Petition.

### I. BACKGROUND

This matter arises from Petitioner's criminal case in the United States District Court for the Eastern District of Pennsylvania. In that case, on February 16, 2010, two Philadelphia police officers stopped Petitioner's vehicle due to its dark tinted windows. (Presentence Report ("PSR"), at ¶ 11.) As the officers approached the vehicle, Petitioner "began to lower the car window," and the officers observed Petitioner "quickly close the center console of the vehicle." (*Id.* at ¶ 13.) The officers spoke to Petitioner, obtained his license and registration, and returned to their vehicle to write him a ticket for the tinted windows. (*Id.*)

Once in their patrol car, the officers observed Petitioner again reach for the center console. (*Id.* at ¶ 14.) As a result, the officers conducted a safety search of Petitioner and the center console, recovered a fully loaded handgun, and arrested Petitioner. (*Id.*) A subsequent investigation later revealed that Petitioner had a number of previous felony convictions. (*Id.* at ¶¶ 17, 43–61.)

A grand jury returned an indictment on July 27, 2010, charging Petitioner with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(e). (*Id.* at ¶ 1.) Ultimately, Petitioner pleaded guilty to that offense on November 30, 2010." (*Id.* at ¶ 5; ECF No. 6-2, at 20.) Due to his three prior convictions for drug trafficking offenses, (PSR, at ¶ 28), the sentencing court designated Petitioner "as a career offender under U.S.S.G. § 4B1.1 and an Armed Career Criminal under 18 U.S.C. § 924(e)," and sentenced him to the mandatory minimum of fifteen years in prison. (ECF No. 6-2, at 20.)

Petitioner appealed, and the Third Circuit affirmed. *United States v. Colen*, 482 F. App'x 710, 711 (3d Cir. 2012). Thereafter, Petitioner filed a motion to vacate, correct, or set aside sentence under 28 U.S.C. § 2255, and his sentencing court denied that motion and did not issue a certificate of appealability. (ECF No. 6-2, at 15.) Afterwards, Petitioner filed a request for a certificate of appealability with the Third Circuit, and that Court denied that request. (*Id.* at 17.)

Petitioner filed the instant § 2241 Petition in July of 2019. In his Petition, Petitioner argues that his conviction and sentence are no longer valid in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Respondent filed an Answer opposing relief, (ECF No. 6), and Petitioner filed a Reply, (ECF No. 7).

## II.  STANDARD OF REVIEW

Courts hold *pro se* pleadings to less stringent standards than more formal pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Courts must construe *pro se* habeas

2

petitions and any supporting submissions liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998).

A court addressing a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. A district court may "dismiss a petition summarily when it plainly appears from the face of the petition and any exhibits . . . that the petitioner is not entitled to relief." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

If a court does not dismiss the petition at the screening stage, the court "must review the answer, any transcripts and records . . . to determine whether" the matter warrants an evidentiary hearing. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts (made applicable to proceedings under § 2241 by Rule 1(b)). "Whether to order a hearing is within the sound discretion of the trial court," and depends on whether the hearing "would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000); *States v. Friedland*, 879 F. Supp. 420, 434 (D.N.J. 1995) (applying the § 2255 hearing standard to a § 2241 petition), *aff'd*, 83 F.3d 1531 (3d Cir. 1996).

### III. DISCUSSION

#### A. Jurisdiction

As the parties have not sufficiently addressed the issue, the Court must first address whether it has jurisdiction under 28 U.S.C. § 2241 to address Petitioner's *Rehaif* claim. Through his *Rehaif* claim, Petitioner challenges his conviction and sentence under § 2241. Generally, however, a person must bring a challenge to the validity of a federal conviction or sentence under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88–89 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is true because § 2255 prohibits a district

3

court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). However, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Id.* at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538. "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.

Thus, under *Dorsainvil* and its progeny, this Court would have jurisdiction over the Petition if, and only if, Petitioner alleges: (1) his "actual innocence," (2) as a result of a retroactive change

4

in substantive law that negates the criminality of his conduct, and (3) for which he had no other opportunity to seek judicial review. *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017); *Okereke*, 307 F.3d at 120; *Cradle*, 290 F.3d at 539; *Dorsainvil*, 119 F.3d at 251–52.

To establish actual innocence, "a petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bruce*, 868 F.3d at 184 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted). In making that determination, "a district court considers what a reasonable, properly instructed juror would do in light of all the evidence." *Serrano v. Ortiz*, No. 19-15036, 2020 WL 6689987, at *2 (D.N.J. Nov. 13, 2020) (citing *Bruce*, 868 F.3d at 184).

In the present case, Petitioner contends that his conviction and sentence are no longer valid in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). "In *Rehaif*, the Supreme Court held that 'the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm' to obtain a conviction under § 922(g)." *Farrell v. Warden FCI Fairton*, No. 20-4414, 2021 WL 222684, at *2 (D.N.J. Jan. 22, 2021) (quoting *Rehaif*, 139 S. Ct. at 2200). Afterwards, in *Nasir*, the Third Circuit confirmed that the "latter half of that holding—that the government must prove that the defendant knew of his status as a person prohibited from having a gun—announced a newly found element of the crime." *United States v. Nasir*, 982 F.3d 144, 160 (3d Cir. 2020), *cert. granted, judgment vacated on other grounds*, 142 S. Ct. 56 (2021).

Petitioner satisfies the first *Dorsainvil* prong as he appears to argue that he is actually innocent because he was "without knowledge" of the fact that he was a felon at the time he possessed the firearm in question. (ECF No. 1-2, at 5–6.); *see Farrell*, 2021 WL 222684, at *2 ("Petitioner states a colorable claim of actual innocence because if he did not know he was a person prohibited from having a gun, his conduct does not violate § 922(g) after *Rehaif*."). Next, as the

5

Supreme Court decided *Rehaif* after Petitioner's direct appeals and § 2255 proceedings, he had no earlier opportunity to raise this claim and he satisfies the third *Dorsainvil* prong. *Farrell*, 2021 WL 222684, at *3.

The parties have not, however, addressed the second *Dorsainvil* prong, whether *Rehaif* is retroactively applicable to cases on collateral review. In a recent Opinion, Judge Kugler summarized the jurisprudence on this issue as follows:

> "The Supreme Court has not yet addressed this issue," and to "the extent the Courts of Appeals have, they have done so within the context of second or successive § 2255 motions premised on *Rehaif*." *Mathis v. United States*, No. 20-8951, 2021 WL 1783285, at *3 (D.N.J. May 5, 2021).
>
> In those cases, the Third Circuit and several of its sister Circuits have held that "*Rehaif* neither announced a new constitutional rule of law nor was [it] made retroactive to cases on collateral review to allow for second or successive petitions under § 2255(h)(2)." *Id.* (citing *In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020); *Tate v. United States*, 982 F.3d 1226, 1228 (9th Cir. 2020); *Mata v. United States*, 969 F.3d 91, 93 (2d Cir. 2020); *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020); *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019)).
>
> In the context of initial § 2255 motions, district courts within this Circuit have arrived at different conclusions. *Compare United States v. Roberts*, No. 15-387, 2020 WL 6700918, at *2 n.3 (E.D. Pa. Nov. 13, 2020) (concluding that *Rehaif* applies retroactively to cases on collateral review), *with United States v. Zareck*, No. 09-168, 2021 WL 4391393, at *73 (W.D. Pa. Sept. 24, 2021) (finding that *Rehaif* does not apply retroactively because it "set forth a procedural rule—not a substantive rule or a watershed rule of criminal procedure"), *Brown v. United States*, No. 20-8965, 2021 WL 120677, at *1 (D.N.J. Jan. 13, 2021) ("As the Third Circuit has recently explained, *Rehaif* neither created a new 'right' by announcing a new rule of constitutional law, nor was it made retroactive to collateral review cases." (citations omitted)).
>
> In the context of § 2241, district courts in this Circuit appear to assume that *Rehaif* applies retroactively, focusing instead on a petitioner's failure to allege or establish actual innocence. *See, Serrano v. Ortiz*, No. 19-15036, 2020 WL 6689987, at *2 (D.N.J. Nov. 13, 2020); *see also Joemon D. Higdon v. Scott Finley*, No. 20-

6

>221, 2021 WL 4819308, at *2 (M.D. Pa. Oct. 15, 2021); *Richard Stewart v. Scott Finley*, No. 20-803, 2021 WL 4786380, at *4 (M.D. Pa. Oct. 13, 2021); *Suggs v. Warden, FCI Loretto*, No. 20-52, 2021 WL 3222207, at *3 (W.D. Pa. July 29, 2021); *United States v. Howard*, No. 13-135, 2021 WL 2401392, at *2 (W.D. Pa. June 11, 2021); *Farrell v. Warden FCI Fairton*, No. 20-4414, 2021 WL 222684, at *2–3 (D.N.J. Jan. 22, 2021) (denying a motion to dismiss for lack of jurisdiction).

*Mouscardy v. White*, No. 20-2143, 2021 WL 4988493, at *5 (D.N.J. Oct. 27, 2021).

Like Judge Kugler, this Court "expresses significant doubts as to whether *Rehaif* . . . [applies retroactively] to cases on collateral review." *Id.* (quoting *United States v. Darden*, No. 15-173-1, 2021 WL 4476889, at *2 (E.D. Pa. Sept. 30, 2021) (alteration in original)). Nevertheless, because this Court intends to deny the Petition on other grounds, the Court will assume, without deciding, that *Rehaif* applies retroactively and satisfies the second *Dorsainvil* prong. *Id.* Accordingly, the Court will assume it has jurisdiction under § 2241 to consider the merits of Petitioner's *Rehaif* claim.

### B. Merits Analysis

Turning then to the merits, to succeed in this case, Petitioner must prove his actual innocence. Post-*Rehaif*, this Court must consider whether Petitioner both "knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S.Ct. at 2200. The relevant category in this case are felons, who are defined as persons "who [have] been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Under the actual innocence standard, Petitioner bears the burden to show "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S at 623. Petitioner must "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* As the Supreme Court explained in *Greer*,

7

that burden is a high bar because "convicted felons ordinarily know that they are convicted felons." *Greer v. United States*, 141 S. Ct. 2090, 2095–97 (2021).

Further, in the actual innocence context, the Government "is not limited to the existing record to rebut any showing that [the] petitioner may make." *Bousley*, 523 U.S. at 623–24; *Bruce*, 868 F.3d at 184 (explaining the actual innocence standard and how it applies in § 2241 cases). As a result, a "habeas court is not bound by the rules of admissibility that would govern at trial, but must instead make its determination in light of all the evidence." *Bruce*, 868 F.3d at 184 (internal quotation marks omitted).

With this broader array of evidence, district courts do not exercise their "independent judgement as to whether reasonable doubt exists"; rather, the actual innocence standard "requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Platten v. Ortiz*, No. 18-17082, 2019 WL 6168003, at *5–6 (D.N.J. Nov. 20, 2019). Additionally, courts must presume that a reasonable juror "would consider fairly all of the evidence presented" and "conscientiously obey the instructions of the trial court requiring proof beyond a reasonable doubt." *Bruce*, 868 F.3d at 184 (quoting *Schlup*, 513 U.S. at 329).

With those principles in mind, Petitioner appears to contend that he was "innocently just being a felon and having a weapon near his presence," and that the Government did not prove that he knew he was a felon on February 16, 2010. (ECF No. 1-2, at 6; ECF No. 7, at 2–3.)

In response, the Government provides Petitioner's Presentence Report which indicates that Petitioner received three sentences exceeding one year, prior to February 16, 2010, the date of Petitioner's arrest for possession of a weapon by a convicted felon. (PSR, at ¶¶ 43, 47, 55.) Officers had arrested Petitioner on three separate occasions, first in August of 2001, then in December of 2001, and finally in October of 2002, for the manufacture, delivery, or possession

8

with the intent to manufacture or deliver crack cocaine, and related charges. (*Id.*) As a result of those events, a state court sentenced Petitioner "to a term of imprisonment of not less than 1 ½ years nor more than five years on each [of the three] manufacture, delivery, or possession with the intent to manufacture or deliver a controlled substance" charges, to run concurrently. (*Id.* at ¶¶ 45, 57.)

According to the Presentence Report, Petitioner served more than one year in prison and then returned on two occasions due to parole violations, to serve more of his maximum sentence. (*Id.* at ¶¶ 43, 47, 55.) More specifically, Petitioner served time towards his three concurrent sentences from approximately January 28, 2003, to April 19, 2004; from February 18, 2005, to June 4, 2006; and from September 6, 2007, to June 4, 2009. (*Id.*)

The Government could have easily presented the underlying documents to establish that Petitioner received and served those sentences to a jury. As a result, the "Government could have . . . established at trial . . . that Petitioner served more than one year of imprisonment for these crimes prior to" February 16, 2010. *Serrano*, 2020 WL 6689987, at *3. Consequently, "a reasonable and properly instructed juror would likely conclude Petitioner knew at the time he possessed a firearm in [February of 2010] that he had previously been convicted of crimes punishable by more than one year in prison," *i.e.*, that he knew he was a felon. *Id.* (citing *United States v. Sanabria-Robreno*, 819 F. App'x 80, 83 (3d Cir. 2020) (finding substantial evidence that defendant knew he was a convicted felon when he possessed a firearm because he previously pleaded guilty to crimes carrying a maximum sentence between five and fifteen years and actually served more than one year in prison); *United States v. Bryant*, 976 F.3d 165, 174–75 (2d Cir. 2020) ("we have upheld felon-in-possession convictions after *Rehaif* where the defendant had actually served more than one year in prison on the prior conviction")).

9

Stated differently, if the Government presented a jury with Petitioner's prior felony convictions and evidence[1] that he served multiple years for those convictions, "a reasonable and properly instructed juror would likely conclude [that] Petitioner knew" he was a felon at the time he possessed the firearm in February of 2010. *See Serrano*, 2020 WL 6689987, at *3.

In his Reply, Petitioner does not dispute that he received those sentences,[2] nor does he dispute that he served those sentences. (ECF No. 7, at 2 ("Knowing that you were convicted of a crime carrying more than a year in prison is only the start of the 922(g)(l) analysis.").)

---

[1] It would have been preferable for the Government to submit copies of the judgment of conviction and other state court documents to this Court. However, as Petitioner did not object to the contents of the Presentence Report, (PSR, at 24), and because he does not presently dispute his criminal history, (ECF Nos. 1, 7), the Court will accept the Presentence Report's account of Petitioner's criminal history.

[2] Although his arguments are less than clear, to the extent Petitioner argues that he had to be aware that he was a "felon" rather than someone who was convicted of a crime punishable by more than one year, that distinction is irrelevant in this context. Under 18 U.S.C. § 922(g):

> The statute uses the term "convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." *Id.* However, crimes punishable by more than one year in prison are defined as felonies. 18 U.S.C. § 3559(a); *see also Black's Law Dictionary* 694 (9th ed.2009) (defining "felony" as "a serious crime usually punishable by imprisonment for more than one year or by death"). Indeed, the Court observes that the Third Circuit's pattern jury instructions on 18 U.S.C. § 922(g), repeatedly refers to the offense in question as the offense of being "a felon in possession of a firearm." S1–6, Third Circuit Pattern Jury Instructions (Criminal Cases), 6.18.922G (Matthew Bender ed. 2011). The Third Circuit's pattern instructions further explain that the first element that the United States must prove is "[t]hat [Defendant] has been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year." *Id.*

*United States v. Hauck*, No. 11-130, 2011 WL 3876167, at *1 (M.D. Pa. Sept. 1, 2011) (alteration in original). As the Supreme Court held, the critical inquiry is whether a person "know[s] that the crime is '*punishable* by imprisonment for a term exceeding one year.'" *Rehaif*, 139 S. Ct. at 2198 (emphasis in original) (quoting § 922(g)(1)).

10

Consequently, Petitioner fails to establish that in light of all of the relevant evidence, that it is more likely than not, that no reasonable, properly instructed juror would have convicted him under § 922(g). *Bousley*, 523 U.S. at 623; *Stewart*, 2021 WL 4786380, at *4. As a result, assuming *arguendo* that *Rehaif* applies retroactively, Petitioner has failed to demonstrate his actual innocence. Accordingly, Petitioner is not entitled to habeas relief, and the Court will deny the Petition.

## IV.    CONCLUSION

For the foregoing reasons, the Court will deny the Petition. An appropriate Order follows.

DATED: February 17, 2022

Hon. Karen M. Williams,
United States District Judge